**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| GENE THROWER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>RESURGENT CAPITAL SERVICES L.P.<br><br>Defendant. | Civil Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## Nature of this Action

1. Gene Thrower ("Plaintiff") brings this class action Resurgent Capital Services L.P. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. The Plaintiff alleges that Resurgent Capital Services L.P. ("Defendant" or "Resurgent Capital") made unsolicited calls to himself and putative class members using a pre-recorded voice in violation of the TCPA.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28

U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. In particular, Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone from this district.

**Parties**

7. Plaintiff is a natural person who resides in this district.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a limited partnership.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

11. Plaintiff is, and since June 2025, was the regular and sole user of his cellular telephone number—(614) 900-XXXX.

12. The Plaintiff never consented to receive debt collection calls from the Defendant.

13. The Plaintiff never did any business with the Defendant.

14. Despite that, the Defendant made calls to the Plaintiff in 2026, including on February 3, 2026.

15. At least one call started with a pre-recorded message including the following:

> This message is from Resurgent Capital Services, a debt collection company. We recently sent you a message regarding your account, but haven't received payment…

16. The call was clearly pre-recorded because (a) the voice sounded like a robot (b) there was a delay prior to the message being played (c) the message asked the call recipient to

press a button in response and (d) the message automatically played on the Plaintiff's phone.

17. The Plaintiff called back the number to confirm that he was not the person the Defendant was attempting to contact.

18. The Plaintiff's attorney wrote to the Defendant prior to filing this lawsuit, and the Defendant did not deny making the call at issue.

**Class Action Allegations**

19. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of class of all other persons or entities similarly situated throughout the United States.

20. The class of persons Plaintiff propose to represent is tentatively defined as:

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff (3) despite the fact that the call recipient never provided their telephone number to the Defendant.

This is referred to as the "Class".

21. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

22. The Class as defined above are identifiable through phone records and phone number databases.

23. The potential members of the Class number at least in the thousands.

24. Individual joinder of these persons is impracticable.

25. Plaintiff is a member of the Class.

26. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded calls to class members;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. Plaintiff's claims are typical of the claims of members of the Class.

28. Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

29. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

30. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

31. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

32. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded Class using a pre-recorded voice message.

33. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Miranda and the other members of the TCPA Pre-recorded Class

34. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 18, 2026

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Brian Giles*
Brian T. Giles (0072806)
GILES & HARPER, LLC
7247 Beechmont Ave.
Cincinnati, Ohio 45230
Telephone: (513) 379-2715
bgiles@gilesharper.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com