**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| GENE THROWER, | ) | CASE NO. 2:26-CV-00332 |
| | ) | |
| Plaintiff, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE KIMBERLY A. |
| | ) | JOLSON |
| RESURGENT CAPITAL SERVICES L.P., | ) | |
| | ) | ANSWER TO COMPLAINT |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant, Resurgent Capital Services, L.P. ("RCS" or "Defendant") by and through counsel hereby responds to Plaintiff's Complaint, as follows:

**Nature of the Action**

1.      Defendant admits that Gene Thrower brings a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2.      The allegations contained in this paragraph call for legal conclusions, are not a complete recitation of the applicable legal regime, and are not directed at RCS. Therefore, no response is necessary, but to the extent a response is deemed required, denied.

3.      Defendant admits that Plaintiff alleges that RCS made unsolicited calls to him and putative class members using a pre-recorded voice.  Defendant denies such allegations.

**Jurisdiction and Venue**

4.      Defendant admits the allegations in paragraph 4 of the Complaint.

5.      Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint, and therefore, denies same.

**Parties**

7.      Defendant is without information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint, and therefore, denies same.

8.      Defendant is without information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint, and therefore, denies same.

9.      Defendant admits that it is a limited partnership.

10.     Defendant admits the allegations in paragraph 10 of the Complaint.

**Factual Allegations**

11.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, and therefore, denies same.

12.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint, and therefore, denies same.

13.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint, and therefore, denies same.

14.     Defendant admits having called a number to which it had consent and which number Plaintiff claims to have been the "regular and sole owner of" as of June 2025 but denies the remaining allegations set forth in paragraph 14 of the Complaint.

15.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint, and therefore, denies same.

16.     Defendant is without information sufficient of form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint, and therefore, denies same.

17.     Defendant is without information sufficient of form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Complaint, and therefore, denies same.

18.     Defendant is without information sufficient of form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint, and therefore, denies same.

## Class Action Allegations

19.     The allegations contained in paragraph 19 of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

20.     The allegations contained in paragraph 20 of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

21.     The allegations contained in paragraph 21 of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

24.     The allegations contained in paragraph 24 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

25.      The allegations contained in paragraph 25 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

26.     The allegations contained in paragraph 26 of the complaint call for legal

3

conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

27.     The allegations contained in paragraph 27 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

28.     The allegations contained in paragraph 28 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

29.     The allegations contained in paragraph 29 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

30.     The allegations contained in paragraph 30 of the complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, denied.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection At**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

31.     Defendant incorporates the preceding paragraphs as if fully restated herein.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint.

**PRAYER FOR RELIEF**

35.     RCS denies that Plaintiff is entitled to any relief from it.

4

## GENERAL DENIAL

36.          All allegations set forth in the Complaint not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim against RCS upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff and some or all of the members of the purported class lack standing to bring this lawsuit.

### FOURTH DEFENSE

This Court lacks jurisdiction over non-resident putative class members.

### FIFTH DEFENSE

RCS has not willfully or knowingly violated any provision, subsection, or regulation under the Telephone Consumer Protection Act, 47 U.S.C. § 227 or 47 C.F.R. §64.1200(a), and, therefore, Plaintiff is not entitled to treble damages.

### SIXTH DEFENSE

Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, or limited by their failure to mitigate their alleged damages.

### SEVENTH DEFENSE

RCS asserts that this action is not appropriate for class certification under Fed. R. Civ. P.

23. RCS further states that Plaintiff is not typical of the putative class and is not qualified to represent any such class.

## EIGHTH DEFENSE

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limitations.

## NINTH DEFENSE

Plaintiff's claims and the claims of the putative class members are barred to the extent that Plaintiff and some or all of the members of the putative class gave consent to any acts alleged in the Complaint and did not revoke such consent.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts and omissions, if any, were expressly consented to by the intended recipient of the telephone calls about which Plaintiff complains.

## ELEVENTH DEFENSE

Plaintiffs' claims are pre-empted by the dormant Commerce Cause.

## TWELFTH DEFENSE

Individualized issues of consent preclude class certification.

## THIRTEENTH DEFENSE

Plaintiff has failed to plead any ascertainable class.

## FOURTEENTH DEFENSE

No action of RCS was a substantial factor in bringing about the damages alleged, nor was any act or omission of RCS a contributing factor.  Any alleged acts or omissions of RCS were superseded by the acts or omissions of others named or not named in the Complaint, which actions

were independent, intervening and proximate cause of damage or loss allegedly sustained by Plaintiff or the putative class.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by any other matter constituting an avoidance or defense on legal or equitable grounds.

## SIXTEENTH DEFENSE

An award of statutory damages violates the Due Process Clause of the United States Constitution.

## SEVENTEENTH DEFENSE

Plaintiff's claims and/or the claims of the putative class, to the extent based on 47 C.F.R. § 64.1200 and/or other regulations, are barred and/or limited because the regulations are contrary to statute and are not entitled to deference.

## EIGHTEENTH DEFENSE

Defendant is entitled to the Safe Harbor provided by its good faith and timely use of the Reassigned Numbers Database, as implemented by the TRACED ACT.

## NINETEENTH DEFENSE

Defendant had consent to call the number referenced in the Complaint and such consent was never revoked.

## TWENTIETH DEFENSE

Plaintiff admits to having engaged with Defendant, which belies any claims he has against Defendant.

## TWENTY FIRST DEFENSE

RCS reserves the right to assert additional defenses in the event that discovery establishes a factual or legal basis for additional defenses. RCS also reserves the right to assert additional

7

defenses applicable to Plaintiff's class action claims and allegations. The mere assertion of a defense herein is not a concession that RCS bears the burden of proof as to that defense.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, RCS denies that Plaintiff and any members of the purported class are entitled to any relief whatsoever, and respectfully requests that the Court enter an Order denying Plaintiff's claims, denying class certification of the alleged class, dismissing the Class Action Complaint with prejudice, with costs assessed against Plaintiff, and award such other and further relief as the Court deems just and appropriate.

Respectfully submitted,
*/s/Karen S. Hockstad*
Karen S. Hockstad (0061308)
DINSMORE & SHOHL, LLP
191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215
Tel: (614) 628-6930
Fax: (614) 628-6890
Karen.hockstad@dinsmore.com

*Counsel for Defendant Resurgent Capital Services L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, a copy of the foregoing was filed with the Court and served upon all parties and counsel of record via the Court's electronic filing system.

/s/  Karen S.  Hockstad
Karen S. Hockstad (0061308)