**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Gene Thrower**               ,

        **Plaintiff,**

        **v.**

**Resurgent Capital Services L.P.**   ,

        **Defendant.**

**Civil Action  2:26-cv-332-ALM-KAJ**
**Judge  Marbley**
**Magistrate Judge   Jolson**

**RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on April 29, 2026 and was attended by:

 Anthony Paronich               , counsel for plaintiff(s)                         ,

                               , counsel for plaintiff(s)                         ,

 Karen S. Hockstad             , counsel for defendant(s)                       ,

                               , counsel for defendant(s)                       ,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.      CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes     X   No

2.      INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

 X   Yes        _____No        _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by May 26, 2026      .

3.     <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_\_Yes     <u>X</u>\_\_\_No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by

_____.

4.     <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by<u>   July 31, 2026        </u>.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by <u>February 19, 2027    </u>.

5.     <u>MOTIONS</u>

   a. Are there any pending motion(s)?

       \_\_\_\_\_Yes     <u>X</u>\_\_\_No

       If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   b. Are the parties requesting expedited briefing on the pending motion(s)?

       \_\_\_\_\_Yes     <u>X</u>\_\_\_No

       If yes, identify the proposed expedited schedule:

       Opposition to be filed by_____; Reply brief to be filed by_____.

6.     <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

     Plaintiff alleges that Defendant placed pre-recorded calls to his cell phone number in violation of the Telephone Consumer Protection Act's (TCPA) provisions.  Plaintiff brings his claim on his own behalf, as well as on behalf of a proposed class.

Plaintiff intends to take discovery regarding the Defendant's potential "safe harbor" affirmative defense, which will apply equally to all putative class members. As such, Plaintiff opposes bifurcation of discovery. Discovery concerning Defendant's alleged subscription to and use of the Reassigned Number Database overlaps substantially with class discovery and bears directly on common issues, including Defendant's uniform policies, procedures, records, and dialing practices. Limiting initial discovery to Plaintiff's individual claim would likely create inefficiency, duplicative discovery, and unnecessary delay in resolving class certification issues. Plaintiff therefore requests that discovery proceed on both individual and class issues under the existing proposed discovery deadline of December 4, 2026.

Defendant states that it had consent to contact the number that Plaintiff claims is his; that Defendant subscribes to and properly uses the Federal Reassigned Number Database, and that the RND indicated that the number at issue in this case was not notated as reassigned.

Because this is a unique circumstance, Plaintiff is not representative of any class and, even if he is, the class, as defined in the complaint, cannot claim any damages due to Defendant's subscription to the RND.

7.     DISCOVERY PROCEDURES

a.  The parties agree that all discovery shall be completed by <u>December 4, 2026</u>.  The parties to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

Defendant requests that discovery be bifurcated such that initial discovery be limited to claims by Plaintiff only and Defendant's subscription to and use of the RND.  This will be more efficient for the Court and the parties because class discovery is premature under the facts of this case.  Defendant proposes discovery cutoff on the first phase of discovery by August 1, 2026.

b.  Do the parties anticipate the production of ESI? <u>X</u>    Yes          No

If yes, describe the protocol for such production:

The parties will draft an ESI protocol, if necessary, once discovery requests are issued.

c.  Do the parties intend to seek a protective order or clawback agreement? <u>X</u> Yes    No

If yes, such order or agreement shall be produced to the Court by <u>June 2, 2026</u>    .

3

8.     DISPOSITIVE MOTIONS

   a.  Any dispositive motions shall be filed by May 31, 2027     .

   b.  Are the parties requesting expedited briefing on dispositive motions?

      _____Yes     X___No

   If yes, identify the proposed expedited schedule:

   Opposition to be filed by_____; Reply brief to be filed by_____.

9.     EXPERT TESTIMONY

   a.  Primary expert reports must be produced by_____December 18, 2026.

   b.  Rebuttal expert reports must be produced by_____January 22, 2027.

10.   SETTLEMENT

Plaintiff(s) will a make a settlement demand by February 18, 2027     Defendant will respond by February 28, 2027. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  The parties request the following month and year:

                      _April_ 2027__

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11.   RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

_____Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place _____ in chambers_____by telephone.


 X    No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.   OTHER MATTERS

Indicate any other matters for the Court's consideration: None.

Dated:  April 29, 2026

By:  */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

By:  /s/*Karen S. Hockstad*
Karen S. Hockstad (0061308)
Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215
(614) 628-6930
Karen.hockstad@dinsmore.com