**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GENE THROWER,**

> **Plaintiff,**

> v.

> **RESURGENT CAPITAL**
> **SERVICES L.P.,**

> **Defendant.**

**Civil Action 2:26-cv-332**
**Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

## SCHEDULING ORDER

Based upon the Parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (Doc. 12), the Court **VACATES** the Preliminary Pretrial Conference set for May 12, 2026 (Doc. 8), and **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by May 26, 2026.

VENUE AND JURISDICTION

There are no issues related to venue or jurisdiction at this time.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by July 31, 2026.

The motion for class certification shall be filed by February 19, 2027.

ISSUES

Plaintiff alleges that Defendant placed pre-recorded calls to his cell phone number in violation of the Telephone Consumer Protection Act's (TCPA) provisions.  Plaintiff brings his claim on his own behalf, as well as on behalf of a proposed class.

Plaintiff intends to take discovery regarding the Defendant's potential "safe harbor" affirmative defense, which will apply equally to all putative class members.  As such, Plaintiff opposes

bifurcation of discovery.  Discovery concerning Defendant's alleged subscription to and use of the Reassigned Number Database overlaps substantially with class discovery and bears directly on common issues, including Defendant's uniform policies, procedures, records, and dialing practices.  Limiting initial discovery to Plaintiff's individual claim would likely create inefficiency, duplicative discovery, and unnecessary delay in resolving class certification issues. Plaintiff therefore requests that discovery proceed on both individual and class issues under the existing proposed discovery deadline of December 4, 2026.

Defendant states that it had consent to contact the number that Plaintiff claims is his; that Defendant subscribes to and properly uses the Federal Reassigned Number Database, and that the RND indicated that the number at issue in this case was not notated as reassigned.  Because this is a unique circumstance, Plaintiff is not representative of any class and, even if he is, the class, as defined in the complaint, cannot claim any damages due to Defendant's subscription to the RND.

DISCOVERY PROCEDURES

All discovery shall be completed by December 4, 2026.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

Defendant requests that discovery be bifurcated such that initial discovery be limited to claims by Plaintiff only and Defendant's subscription to and use of the RND.  This will be more efficient for the Court and the parties because class discovery is premature under the facts of this case. Defendant proposes discovery cutoff on the first phase of discovery by August 1, 2026.  The parties shall discuss this proposal and attempt to come to an agreement.

The parties will draft an ESI protocol, if necessary, once discovery requests are issued.

Any proposed protective order or clawback agreement shall be filed with the Court by June 2, 2026.  A Word version of the proposed protective order should be sent to jolson_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

DISPOSITIVE MOTIONS

Dispositive motions shall be filed by May 31, 2027.

EXPERT TESTIMONY

Primary expert reports shall be produced by December 18, 2026.  Rebuttal expert reports shall be produced by January 22, 2027.  If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not

specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.  Under Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by February 18, 2027.  Defendant will respond by February 28, 2027.  The parties agree to make a good faith effort to settle this case.  The Court refers the case to mediation in April 2027.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.   The parties  understand that they will be expected to comply fully with the settlement order which  requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

None.

If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday, or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.

Date:   May 5, 2026                                        /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE

3